UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CYRIL J. HARVEY., JR.                          CIVIL ACTION

VERSUS                                         NO. 13-6045

AMERICAN FUNDS SERVICE CO.                     SECTION: "F"

ORDER AND REASONS

Before the Court is plaintiff's motion to remand and defendant's motion to dismiss under Rule 12(b)(6).  For the reasons that follow, the motion to remand is DENIED and the motion to dismiss is GRANTED.

Background

This action involves the allegedly unlawful backup withholding of dividend payments from plaintiff's investment account.

On October 8, 2006, plaintiff and his wife opened a joint investment account at American Funds.  Plaintiff originally deposited $80,000 into the account and invested in several mutual funds.  On September 30, 2008, American Funds received a letter from the Internal Revenue Service, entitled "Backup Withholding Notification" (the "C-Notice"), directing American Funds to begin backup withholding, at a rate of twenty-eight percent on the dividend, interest and capital gains made to plaintiff.  The IRS instructed American Funds to begin withholding within thirty days, and to continue the withholding until the IRS officially notified

-1-

American Funds in writing to stop.  The IRS also informed American Funds that its failure to withhold as directed could result in civil and criminal penalties under the Internal Revenue Code.

After receiving the C-Notice, American Funds notified plaintiff in a letter that it would begin backup withholding as directed.  American Funds advised plaintiff that he could challenge the withholding by seeking a determination from the IRS.  On March 16, 2012, plaintiff wrote American Funds about the proposed withholding, and on March 19, 2012, American Funds responded by again explaining that plaintiff should seek a determination from the IRS in order to resolve any dispute regarding his taxpayer status and to stop the withholding.

On December 20, 2012, plaintiff sent American Funds a letter entitled "Statement & Certification of Citizenship," in which he asserted that he is a United States Citizen and therefore not subject to backup withholding under 26 U.S.C. § 7701.  In response, American Funds again explained that it could not stop the backup withholding without direction from the IRS.

On April 24, 2013, plaintiff filed a "Complaint for Unlawful Conversion of Property and Violations of Constitutional Rights" in Louisiana state court.  On October 4, 2013, American Funds removed the suit to this Court.  Plaintiff now moves to remand, and defendant moves to dismiss for failure to state a claim under Rule 12(b)(6).

I.

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  "Because removal raises significant federalism concerns, the removal statute is strictly construed."  Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008).  Further, "any doubt as to the propriety of removal should be resolved in favor of remand."  Id.

Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction exists when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  See Borden v. Allstate Ins. Co., 589 F.3d 168, 172 (5th Cir. 2009).  Even where a state-law claim is at issue, "federal question jurisdiction exists where: (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."  Singh v. Duane Morris, LLP, 538 F.3d 334, 338

(5th Cir. 2008).

Federal question jurisdiction plainly exists. Plaintiff's complaint is entitled "Complaint for Unlawful Conversion of Private Property and Violations of Constitutional Rights."  In the first paragraph of his complaint, plaintiff states claims:

> for the unlawful seizure and wrongful conversion of the Plaintiff's property in the name of tax only, and for violations by the Defendant of the Plaintiff's constitutional Rights as secured and guaranteed under both the Constitution of the State of Louisiana and the Constitution of the United States of America.

Plaintiff invokes the Fourth and Fifth Amendments of the U.S. Constitution as authority for his complaint.  Plaintiff also alleges defendant "conspired outside the controlling federal law to attempt to compel the Plaintiff to service unsubstantiated debt allegations, in the name of tax."  Plaintiff essentially claims that defendant improperly withheld dividend payments under 26 U.S.C. § 3406.

Plaintiff's complaint clearly establishes that federal law creates his causes of action or that his right to relief necessarily depends on resolution of substantial federal law questions.  See Borden, 589 F.3d at 172.  Even plaintiff's state-law claims implicate disputed and substantial federal tax law issues regarding defendant's authority to withhold plaintiff's dividend payments.  Singh, 538 F.3d at 338; see also Hughes v. Chevron Phillips Chem. Co., 478 F. App'x 167, 171 (5th Cir. 2012)(affirming denial of remand where plaintiff "tried to frame

-4-

his claims as sounding in state law" but the only contested issue was "whether or not the IRS properly issued an administrative levy"); Garble & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 315 (2005)("The meaning of a federal tax provision is an important federal law issue that belongs in federal court.").[1]  The Court has removal jurisdiction over plaintiff's claims.

II.

A.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).  In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.

---

[1]   Even if plaintiff's state-law claims did not necessarily depend on resolution of substantial federal questions, the Court would still have supplemental jurisdiction over those claims, which are so intertwined to the federal claims that they form the "same case or controversy."  28 U.S.C. § 1367(a).  All of plaintiff's claims arise out of the same set of operative facts--namely, that defendant allegedly lacked the authority to withhold federal taxes from plaintiff's account.  Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 293 (5th Cir. 2010).

1999)).  But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050.  Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  A corollary: legal conclusions "must be supported by factual allegations." Id. at 678.  Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

    "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment. See United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003).

B.

1.

Although plaintiff frames his allegations in terms of constitutional rights, plaintiff essentially challenges defendant's authority to begin backup withholding on plaintiff's investment account.  Section 3406 of the Internal Revenue Code governs "backup withholding."  26 U.S.C. § 3406.  Section 3406(a)(1) requires payors of "reportable interest or dividend payments" to deduct and withhold a designated amount as a tax from payments to payees under certain circumstances, including when the payor received a notice of payee underreporting with respect to interest and dividends.  26 U.S.C. § 3406(c).  This notice is commonly referred to as a "C-Notice".  The IRS issues a C-Notice to the payor after it determines that there has been payee underreporting, mails at least four notices to the payee, and assesses any tax deficiencies.  26 U.S.C. § 3406(c)(1).  Once the IRS issues a C-Notice to the payor, the withholding can only be stopped after the IRS makes a favorable determination to the payee and then: (1) provides the payee with a written certification that withholding is to stop and (2) directly notifies the payor to stop the withholding.  26 U.S.C. § 3406(c)(3)(B)(ii).

Section 3406 also provides:

For purposes of section 31, this chapter (other than section 3402(n)), and so much of subtitle F (other than section 7205) as relates to this chapter, payments which are subject to withholding under this section shall be treated as if they were wages paid by an employer to an employee.

26 U.S.C. § 3406(h)(10).  That is, payments that are subject to withholding under § 3406 should be treated as if they were wages paid by an employer to an employee (even though there is no actual employment relationship), except under § 3402(n).  Under § 3402(n), an employer is not required to withhold any tax if the employee furnishes to the employer a withholding exemption certificate verifying that the employee: (1) incurred no income tax liability for the preceding year, and (2) anticipates that he will incur no income tax liability for the current year.  Under § 3403, however, "the employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of such payment."  Accordingly, consistent with § 3406(h)(10), the payor becomes liable to the IRS for the payment of the backup withholding, but is by law insulated from liability to any other person, including the payee.  See 26 U.S.C. §§ 3403, 3406(h)(10).

Here, defendant contends plaintiff's claims should be dismissed because defendant was authorized and required to withhold dividend payments from plaintiff's investment account upon receiving the C-Notice.  Defendant argues successfully that because it was authorized to withhold the payments under § 3406, plaintiff's claims are statutorily barred by § 3403.  The Court agrees.  Section 3406 required defendant to backup withhold plaintiff's dividend payment.  And, to underscore, under § 3403

defendant "shall not be liable to any person for the amount of such payment."  See 26 U.S.C. § 3406(h)(10).  Plaintiff's allegations therefore fail as a matter of law.

Plaintiff contends that because he furnished to defendant a "withholding exemption certificate" under § 3402(n), he was statutorily exempt from backup withholding under § 3406(h)(10). Plaintiff is plainly mistaken.  The statutory exemption contained in § 3406(h)(10) provides that a payee (as distinguished from an employee) cannot avoid income tax liability by furnishing a withholding exemption certificate under § 3402(n).  Even if § 3402(n) were applicable, plaintiff has not furnished a valid withholding exemption certificate.  Plaintiff merely produced a self-styled "Statement of Certification of Citizenship," asserting that he is a U.S. citizen, but nowhere verifying that he has incurred no tax liability for the preceding year and that he anticipates he will incur no income tax liability for the current year.  See 26 U.S.C. § 3402(n)(1),(2).

2.

Plaintiff alleges that the backup withholding violated his right to due process, amounted to an illegal search and seizure, and constituted a taking of his private property for public use without just compensation.  The Court has already held that defendant was both authorized and required to withhold taxes from plaintiff under § 3406.  Assuming plaintiff challenges the

-10-

constitutionality of the federal tax withholding statute, his claims must fail. The Sixteenth Amendment to the United States Constitution gives Congress the constitutional authority to direct withholding under § 3406. See U.S. Const. amend. XVI ("Congress shall have power to lay and collect taxes on incomes, from whatever source derived"); Beatty v. C.I.R., 667 F.2d 501, 502 (5th Cir. 1982)("Congress has the power to require withholding on wages").

By his own allegations, plaintiff received adequate notice of the withholding and the opportunity to receive a determination from the IRS as to the propriety of the withholding. 26 U.S.C. § 3406(c)(1)(IRS must mail four notices to the payee before withholding), (3)(D)(payee can seek a determination from the IRS to stop withholding). The Fifth Circuit U.S. Court of Appeals has observed that "so long as there is an adequate opportunity for postseizure determination of rights, the summary tax collection procedures of the Internal Revenue Code meet the requirements of due process." Myers v. U.S., 647 F.2d 591, 602 (5th Cir. 1981)(analyzing 26 U.S.C. § 6331)(citations omitted). Plaintiff provides no grounds for entitlement to relief on his constitutional claims. Twombly, 550 U.S. at 555.

3.

Plaintiff maintains that he has stated a state-law claim for unlawful conversion. "Conversion is a wrongful act of dominion over the possessory rights of another, depriving that person of

possession of property permanently or for an indefinite time."
<u>Ginn v. Folger Coffee Co.</u>, No. 08-3856, 2008 WL 4909319, at *2-*3
(E.D. La. Nov. 12, 2008)(citing <u>Quealy v. Paine, Webber, Jackson &</u>
<u>Curtis, Inc.</u>, 475 So. 756, 760 (La. 1985)).  Because defendant had
both legal authority and a duty to begin backup withholding upon
receipt of the C-Notice from the IRS, plaintiff cannot claim any
"wrongful act," and, therefore cannot in law state a claim of
conversion.   If plaintiff believes that the withholding is in
error, his proper remedy is to seek a determination from the IRS.
26 U.S.C. § 3406(c)(3).

Accordingly, IT IS ORDERED that plaintiff's motion to remand
is DENIED, and defendant's motion to dismiss under Rule 12(b)(6) is
GRANTED.   The plaintiff's claims are DISMISSED with prejudice.


New Orleans, Louisiana, November 27, 2013


MARTIN C. FELDMAN
UNITED STATES DISTRICT JUDGE


-12-