UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CYRIL J. HARVEY., JR.                          CIVIL ACTION

VERSUS                                         NO. 13-6045

AMERICAN FUNDS SERVICE CO.                     SECTION: "F"

ORDER AND REASONS

Before the Court are plaintiff's motions to alter or amend and to void this Court's November 27, 2013 Order and Reasons dismissing plaintiff's case for failure to state a claim.  For the reasons that follow, plaintiff's motions are DENIED.

Background

This action involved the allegedly unlawful backup withholding of dividend payments from plaintiff's investment account.

On October 8, 2006, plaintiff and his wife opened a joint investment account at American Funds.  Plaintiff originally deposited $80,000 into the account and invested in several mutual funds.  On September 30, 2008, American Funds received a letter from the Internal Revenue Service, entitled "Backup Withholding Notification" (the "C-Notice"), directing American Funds to begin backup withholding, at a rate of twenty-eight percent on the dividend, interest and capital gains made to plaintiff.  The IRS instructed American Funds to begin withholding within thirty days, and to continue the withholding until the IRS officially notified

American Funds in writing to stop.  The IRS also informed American Funds that its failure to withhold as directed could result in civil and criminal penalties under the Internal Revenue Code.

After receiving the C-Notice, American Funds notified plaintiff in a letter that it would begin backup withholding as directed.  American Funds advised plaintiff that he could challenge the withholding by seeking a determination from the IRS.  On March 16, 2012, plaintiff wrote American Funds about the proposed withholding, and on March 19, 2012, American Funds responded by again explaining that plaintiff should seek a determination from the IRS in order to resolve any dispute regarding his taxpayer status and to stop the withholding.

On December 20, 2012, plaintiff sent American Funds a letter entitled "Statement & Certification of Citizenship," in which he asserted that he is a United States Citizen and therefore not subject to backup withholding under 26 U.S.C. § 7701.  In response, American Funds again explained that it could not stop the backup withholding without direction from the IRS.

On April 24, 2013, plaintiff filed a "Complaint for Unlawful Conversion of Property and Violations of Constitutional Rights" in Louisiana state court.  On October 4, 2013, American Funds removed the suit to this Court.  On October 21, 2013, plaintiff moved to remand, and on November 1, 2013, American Funds moved to dismiss for failure to state a claim.  On November 27, 2013, the Court

granted the motion to dismiss and denied the motion to remand. Plaintiff now moves to alter or amend and to void the Court's order granting defendant's motion to dismiss.

I.

Plaintiff first moves to alter or amend the Court's order. Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Because the Court entered its order on November 27, 2013, and the plaintiff filed his motion to reconsider 8 days later, the motion to amend is timely under Rule 59(e).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or

fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing <u>Rosenzweig v. Azurix Corp.</u>, 332 F.3d 854, 864 (5th Cir. 2003)(quoting <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir. 1990)).  The grant of such a motion is an "extraordinary remedy that should be used sparingly." <u>Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.</u>, 114 F. App'x 137, 143 (5th Cir. Nov. 11, 2004) (citing <u>Templet</u>, 367 F.3d at 479).  The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion to alter or amend: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." <u>Templet</u>, 367 F.3d at 479.

   Plaintiff contends that the Court should correct its order dismissing this case for failure to state a claim.  Plaintiff maintains that the defendant's actions constitute an illegal taking in violation of the Fifth Amendment to the United States Constitution. The Court disagrees.  Plaintiff fails to show that the Court's prior judgment should be altered or amended.  Plaintiff simply reiterates the same arguments already raised in his response to defendant's motion to dismiss--arguments the Court has already considered and rejected.  Moreover, plaintiff fails to persuade the Court that it has erred in its review of the facts, or in its

application of the law to those facts.

II.

Plaintiff has also filed an "Objection to ex-parte Communications and Motion to Void the Order of the Court." Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances. Although the decision to grant or withhold relief under Rule 60(b) lies within the sound discretion of the trial court, Helsing v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005), "the desirability of orderliness and predictability in the judicial process speaks for caution in reopening judgments." Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977). Rule 60(b)(4) authorizes the Court to provide relief from judgment if "the judgment is void." "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001)(citation and internal quotation marks omitted).

Plaintiff contends that the judgment in this case is void because he was not given an opportunity to reply to defendant's motion to dismiss before the Court ruled on that motion. However, the record plainly betrays the truth of plaintiff's contention. Plaintiff responded to defendant's motion to dismiss on November

12, 2013, and the Court fully considered plaintiff's response before issuing its order some two weeks later.  To the extent plaintiff argues that he should have been allowed to file a surreply to defendant's November 20, 2013 reply brief, the Court notes that plaintiff never moved for leave to file a surreply, although he had a full week to do so.

Accordingly, IT IS ORDERED that plaintiff's motions are DENIED.

New Orleans, Louisiana, January 27, 2014

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE